Arnulfo Valles v. The State.

No. 9331.    Delivered June 3, 1925.

**Murder—Evidence Held Sufficient.**

The record contains no bills of exception. A careful examination of the statement of facts, discloses that the judgment is amply supported by the evidence, as well as by the confession of appellant and although the death penalty was imposed, the judgment must be affirmed.

Appeal from the District Court of El Paso County. Tried below before the Hon. W. D. Howe, Judge.

Appeal from a conviction of murder; penalty assessed·at death.

The opinion states the case.

No brief filed for appellant.

*Tom. Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Defendant was given the death penalty for the murder of Enrique Rivera.

The record contains no bills of exception. The killing occurred on the night of the 25th of November, 1923. Deceased had been detailed as a special officer to perserve order at a dance given by some of the Mexican residents of El Paso. Defendant was at the dance which was upstairs over a store building. He and a companion, one Gallarete, had gone down-stairs. Two shots were heard. Deceased left the dance hall. and went downstairs, presumably to investigate the matter. He was shot to death as he came down the steps or just after reaching the sidewalk. A witness who looked out of a second story window saw defendant take a pistol out of the hand of deceased, and saw defendant and another man run away. It was several months after the killing before defandant was apprehended although officers were seeking him, and tried on several occasions to effect an arrest, but defendant eluded them. It was in evidence that defendant had said he would have to leave El Paso; that he killed Rivera and the officers were after him. He told a witness that Gallarete had fired the two shots to attract deceased's attention and that he (defendant) waited at the bottom of the stairs and killed deceased as he was coming down. The only motive for the killing appears in a statement made by defendant after his arrest. The confession was taken under the formalities required by the statute rendering it admissible in evidence. In it defendant says that some twenty days before he killed Rivera the latter tried to arrest defendant at a time when he had a pistol; that he ran and Rivera shot at him several times. He admits in this confession that he shot Rivera six times as he was coming down the steps from the dance hall.

Although the verdict carries the death penalty, we find no reason for disturbing it. An officer was killed while in the discharge of his duty, for no other reason apparently than that on a former occasion he had attempted to arrest the slayer for a violation of the law.

The judgment is affirmed.

*Affirmed.*